IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DONOVAN TANNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-449-RWS-KPJ |
| | § | |
| MEGAN J. BRENNAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Donovan Tanner's ("Plaintiff") Motion to Transfer (the "Motion") (Dkt. 23), wherein Plaintiff requests the Court transfer this case to the Northern District of Texas. *Id*. at 1. Upon consideration, the Court recommends granting the Motion (Dkt. 23) and transferring this case to the Northern District of Texas.

**I.   BACKGROUND**

On June 2, 2020, Plaintiff, proceeding *pro se*, filed this lawsuit against Defendants Megan J. Brennan, Postmaster General, and Bobby Clark, Officer in Charge, United States Postal Service (collectively, "Defendants") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1] *See* Dkt. 1. In his Complaint, Plaintiff identified himself as a resident of Plano, Texas, and alleged that he was employed by the United States Postal Service ("USPS") in Tarrant County, and more specifically, at a USPS branch located at 1251 William D. Tate Avenue, Grapevine, Texas, 76051. *Id.* at 2; *see also* Dkt. 22 at 1.

Defendants were not served until July and August 2021, respectively. *See* Dkts. 12, 14, 17. On October 4, 2021, Defendants moved to dismiss Plaintiff's claims for lack of subject matter

---

[1] This case was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636. *See* Dkt. 2.

jurisdiction and improper venue. *See* Dkt. 18; FED. R. CIV. P. 12(b)(1), (3). On April 20, 2022, Defendants filed a notice alerting the Court of Plaintiff's failure to respond to their motion to dismiss. *See* Dkt. 19. The Court therefore entered an order directing Plaintiff to file a response, if any, to the motion to dismiss within fourteen days. *See* Dkt. 21. On April 29, 2022, Plaintiff filed a response to Defendants' motion to dismiss. *See* Dkt. 22. That same day, Plaintiff separately filed the Motion to Transfer (Dkt. 23) that is presently before the Court. Defendants have not filed a response to the Motion to Transfer.

The parties' arguments can be summarized as follows: In their motion to dismiss, Defendants primarily argue this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. *See* Dkt. 18 at 5–9. If there is subject matter jurisdiction, Defendants argue the case should be transferred because the proper venue for Plaintiff's Title VII claims is the Northern District of Texas. *Id.* at 9–11. In response, Plaintiff asserts he exhausted his administrative remedies and also requests transfer of the case to the Northern District of Texas under 28 U.S.C. § 1406(a). *See* Dkt. 22 at 2–6. Plaintiff repeats his transfer request in his Motion to Transfer, but instead cites to 28 U.S.C. § 1404(a) as the basis for his request. *See* Dkt. 23 at 1.

## II.   ANALYSIS

Because Plaintiff alleges claims under Title VII, venue is governed by Title VII's specific venue provision, 42 U.S.C. § 2000e-5(f)(3), which "displaces the general venue provision set out in 28 U.S.C. § 1391." *See Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013); *see also id*. at 422 n.3 (citing *Pinson v. Rumsfeld*, 192 F. App'x. 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases.")). Section 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), and it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a); *see also In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

Under Section 2000e-5(f)(3), it is clear that the Eastern District of Texas is not the proper venue for Plaintiff's case. As Defendants point out, none of the events underlying this case occurred in the Eastern District of Texas, and there appears to be no nexus to this Court other than Plaintiff's residence in Plano, Texas. *See* Dkt. 18 at 10. The alleged conduct that forms the basis of Plaintiff's lawsuit occurred at USPS's branch in Grapevine, a municipality in Tarrant County, which is within the Fort Worth Division of the Northern District of Texas. *See id.* Defendants maintain that the relevant employment records are located at USPS's Grapevine branch. *See id.* Additionally, Plaintiff would have worked at USPS's Grapevine location "but for the alleged unlawful employment practice." *See* § 2000e-5(f)(3); Dkt. 18 at 10. The Court also notes that both

3

parties are in agreement that venue under Section 2000e-5(f)(3) is proper in the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2) (stating that Tarrant County falls within the Fort Worth division of the Northern District of Texas). Accordingly, this case should be transferred.

Defendants, however, argue the Court should dismiss rather than transfer this case to the Northern District of Texas. *See* Dkt. 18 at 10. Defendants specifically contend dismissal is "more appropriate than transfer because neither court [Eastern District of Texas or Northern District of Texas] has subject-matter jurisdiction" due to Plaintiff's alleged failure to exhaust his administrative remedies. *Id.* at 10–11. The Court disagrees.

Defendants' characterization of Title VII's administrative exhaustion requirement as a jurisdictional issue is incorrect. In *Davis v. Fort Bend Cnty.*, 893 F.3d 300 (5th Cir. 2018), the Fifth Circuit recently addressed intra-circuit "disagreement on whether Title VII's administrative exhaustion requirement is a jurisdictional requirement that implicates subject matter jurisdiction or merely a prerequisite to suit (and thus subject to waiver or estoppel)." *Id.* at 303. After surveying the cases within the Fifth Circuit on this issue, the Fifth Circuit held in *Davis* that "a Title VII plaintiff's failure to exhaust [his] administrative remedies is not a jurisdictional bar but rather a prudential prerequisite to suit." *Id.* at 305; *see also id.* at 306 (stating that courts "must treat [Title VII's administrative exhaustion requirement] as nonjurisdictional in nature" because "Title VII's administrative exhaustion requirement is not expressed in jurisdictional terms in the statute, *see* 42 U.S.C. § 2000e-5, and . . . there is nothing in the statute to suggest that Congress intended for this requirement to be jurisdictional"). In light of *Davis*, "Title VII's administrative exhaustion requirement is not a jurisdictional bar to [Plaintiff's] lawsuit." *Id.* at 306. Thus, venue transfer is appropriate; once the case is transferred, the Northern District of Texas—as the proper forum for

this lawsuit—can address the specific administrative exhaustion arguments Defendants have raised in their motion to dismiss.

### III. RECOMMENDATION

Based on the foregoing, the Court recommends **granting** Plaintiff's Motion to Transfer (Dkt. 23) and transferring this case to the Fort Worth Division of the Northern District of Texas.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of June, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE